ENTERED
CLERK, U S DISTRIC· COUR¯
AUG – 8 2002
CENTRAL DISTRICT OF CALIFORNIA
BY

FILED
CLERK U S DISTRICT COURT
AUG – 7 2002
CENTRAL DISTRICT OF CA
BY

Priority ____
Send ____
Enter X
Closed X
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only X

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. CV 01-09706 LGB (MANx) |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT BARRY V. REED |
| v. | |
| TEXON ENERGY CORPORATION, a Nevada Corporation; LONESTAR PETROLEUM CORPORATION, a Nevada Corporation; JAMES E. HAMMONDS aka JAKE HAMMONDS aka JAKE DAVIS; and BARRY V. REED, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission") filed and served the Complaint in this action upon defendant Barry V. Reed ("Reed"). Reed failed to file an Answer or otherwise respond to the Complaint. On January 25, 2002, the Clerk of the Court entered the default of Reed and defendant James E. Hammonds ("Hammonds") pursuant to Fed. R. Civ. P. 55(a). Thereafter, the Commission moved for entry of a final judgment by default by this Court pursuant to Fed. R. Civ. P. 55(b)(2) with supporting papers showing service of the Summons and Complaint upon Reed and his subsequent failure to answer or otherwise respond to the Complaint. Based upon the Commission's motion for

Docketed
Copies / NTC Sent   SCAN
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

1   entry of default judgment, the supporting memoranda of points and authorities, and

2   the evidence and arguments presented with regard to the Commission's motion:

I.

4       IT IS HEREBY ORDERED that the Commission's motion for entry of

5   default judgment against Reed is GRANTED.

II.

7   IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Reed

8   and his agents, servants, employees, attorneys, and all persons in active concert or

9   participation with any of them, who receive actual notice of this Judgment, by

10   personal service or otherwise, and each of them, are permanently restrained and

11   enjoined from, directly or indirectly:

12       A.   making use of any means or instruments of transportation or

13           communication in interstate commerce or of the mails to sell the

14           securities of any issuer, through the use or medium of any prospectus

15           or otherwise, unless and until a registration statement is in effect as to

16           such securities;

17       B.   carrying or causing to be carried through the mails or in interstate

18           commerce, by any means or instruments of transportation, for the

19           purpose of sale or for delivery after sale, the securities of any issuer,

20           unless and until a registration statement is in effect as to such

21           securities; and

22       C.   making use of any means or instruments of transportation or

23           communication in interstate commerce or of the mails to offer to sell

24           or offer to buy, through the use or medium of any prospectus or

25           otherwise, the securities of any issuer, unless and until a registration

26           statement has been filed with the Commission as to such securities, or

27           while a registration statement has been filed with the Commission as to

28           such securities, or while a registration statement as to such securities is

1         the subject of a refusal order or stop order or (prior to the effective

2         date of the registration statement) any public proceeding or

3         examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

4 in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) &

5 77e(c); provided, however, that nothing in this Judgment shall apply to any security

6 or transaction which is exempt from the provisions of Section 5 of the Securities

7 Act, 15 U.S.C. § 77e.

8                       III.

9      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Reed and

10 his agents, servants, employees and attorneys, and all persons in active concert or

11 participation with any of them who receive actual notice of this Final Judgment by

12 personal service or otherwise, and each of them, are permanently restrained and

13 enjoined from, directly or indirectly, in the offer or sale of any securities, by the use

14 of any means or instruments of transportation or communication in interstate

15 commerce or by the use of the mails:

16      A.      employing any device, scheme or artifice to defraud;

17      B.      obtaining money or property by means of any untrue statement of a

18            material fact or any omission to state a material fact necessary in order

19            to make the statements made, in the light of the circumstances under

20            which they were made, not misleading; or

21      C.      engaging in any transaction, practice, or course of business which

22            operates or would operate as a fraud or deceit upon the purchaser;

23 in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

24                       IV.

25      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Reed and

26 his agents, servants, employees and attorneys, and all persons in active concert or

27 participation with any of them who receive actual notice of this Final Judgment by

28 personal service or otherwise, and each of them, are permanently restrained and

1 | enjoined from, directly or indirectly, in connection with the purchase or sale of any

2 | security, by the use of any means or instrumentality of interstate commerce, or of

3 | the mails, or of any facility of any national securities exchange:

4 |     A.     employing any device, scheme, or artifice to defraud;

5 |     B.     making any untrue statement of a material fact or  omitting to state a

6 |             material fact necessary in order to make the statements made, in the

7 |             light of the circumstances under which they were made, not

8 |             misleading; or

9 |     C.     engaging in any act, practice, or course of business which operates or

10 |             would operate as a fraud or deceit upon any person;

11 | in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

12 | Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder 17 C.F.R. § 240.10b-5.

13 | V.

14 |      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Reed

15 | shall pay jointly and severely with defendant Texon Energy Corporation and

16 | Lonestar Petroleum Corporation disgorgement in the amount of $1,254,100

17 | representing his ill-gotten gains from the conduct alleged in the Complaint, plus

18 | prejudgment interest accrued at the daily rate of $71.12 for the period from the date

19 | the Commission filed its Complaint on November 13, 2001 through June 30, 2002,

20 | or $16,287.15, calculated pursuant to 28 U.S.C. § 1961.  Reed shall pay the

21 | disgorgement and prejudgment interest by cashier's check, certified check or postal

22 | money order made payable to the Securities and Exchange Commission and

23 | transmitted to the Comptroller, Securities and Exchange Commission, Operations

24 | Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia, 22312, under

25 | cover of a letter that identifies the defendant, the name and case number of this

26 | litigation, and the court.  A copy of the cover letter and the check or money order

27 | shall be simultaneously transmitted to counsel for the Commission at its Los

28 | Angeles office, located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles,

1  California 90036.

2                              VI.

3         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Reed

4  shall pay civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §

5  77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in the

6  amount of $110,000.  Reed shall each pay the civil penalties by cashier's check,

7  certified check or postal money order made payable to the United States Treasury,

8  and transmitted to the Comptroller, Securities and Exchange Commission,

9  Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia,

10  22312, under cover of a letter that identifies the defendant, the name and case

11  number of this litigation, and the court.  A copy of the cover letter and the check or

12  money order shall be simultaneously transmitted to counsel for the Commission at

13  its Los Angeles office, located at 5670 Wilshire Boulevard, 11th Floor, Los

14  Angeles, California 90036.

15                              VII.

16         IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED

17  that during the pendency of this action against any defendant, Reed shall remain

18  subject to the discovery provisions of the Federal Rules of Civil Procedure which

19  apply to parties, and, in addition, that Reed agrees and undertakes, without service

20  or a subpoena, to appear for his deposition or to testify as a witness at any trial of

21  this action or at any related proceeding.  Failure to comply with the foregoing will

22  subject Reed to the remedies and sanctions set forth in Rule 37 of the Federal

23  Rules of Civil Procedure and all other available remedies.

24                              VIII.

25         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Reed

26  shall provide all documents in his possession, custody or control to the

27  Commission and disclose under oath all information with respect to his activities

28  and the activities of others about which the Commission or its staff may inquire or

                              - 5 -

1  request.  Such production of documents and disclosure of information by Reed

2  shall be made upon reasonable notice in writing and without service of a subpoena

3  and subject only to the good faith assertion of any privileges recognizable pursuant

4  to the provisions of Rule 501 of the Federal Rules of Evidence or the United States

5  Constitution and amendments thereto.  Failure to comply with the foregoing will

6  subject Reed to the remedies and sanctions set forth in Rule 37 of the Federal

7  Rules of Civil Procedure and all other available remedies.

8                                                    IX.

9            IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this

10  Court shall retain jurisdiction over this action for all purposes, including to

11  determine the liability of any remaining defendants in this action, to implement and

12  enforce the terms of this Final Judgment and other orders and decrees which may

13  be entered, and to grant such other relief as this Court may deem necessary and

14  just.

15                       *     *     *     *     *     *

16            There being no just reason for delay, the Clerk of the Court is directed,

17  pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final

18  Judgment.

19

20  DATED: *Aug. 7, 2002*

21                                              HONORABLE LOURDES G. BAIRD
                                                UNITED STATES DISTRICT JUDGE
22

23  Presented by:

24

25  _____
    Jose F. Sanchez
26  David S. Brown
    Attorneys for Plaintiff
27  Securities and Exchange Commission

28

1

## PROOF OF SERVICE

2 I am over the age of 18 years and not a party to this action.  My business address is:

3

4 [X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

5        Telephone: (323) 965-3998 Fax: (323) 965-3908

6 On July 12, 2002, I served the documents entitled **[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT BARRY V. REED** upon the parties to this action

7 addressed, as stated on the attached service list, by:

8

9 [X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this firm's practice for collection and processing of

10 correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

11

12 [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal

13 Service at Los Angeles, California, with first class postage thereon fully prepaid.

14

15 [X]   **CERTIFIED U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Certified Mail at Los Angeles, California, with postage paid.

16

17 [ ]   **PERSONAL SERVICE:**  I caused to be personally delivered each such envelope to the office of the addressee.

18 [ ]   **FEDERAL EXPRESS:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in

19 a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

20

21 [ ]   **FAX (BY AGREEMENT ONLY):**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

22

23 [X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the

24 foregoing is true and correct.

25

26 Date: July 12, 2002                          _hcinei ml._

                                             IRENE MEJIA

27

28

**SEC v. TEXON ENERGY CORPORATION, et al.**
**United States District Court - Central District of California**
**Western Division**
**Case No. CV 01-09706 LGB (MANx)**
**(LA-2500)**

## SERVICE LIST

James E. Hammonds
716 Peachy Canyon Circle
No. 104
Las Vegas, NV 89144


Barry V. Reed
3060 S. Decatur
Unit I5
Las Vegas, NV 89102

1

## PROOF OF SERVICE

2   I am over the age of 18 years and not a party to this action.  My business address is:

3

4   [X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

5       Telephone: (323) 965-3998 Fax: (323) 965-3908

6   On July 12, 2002, I served the documents entitled **[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**

7   **AGAINST DEFENDANT BARRY V. REED** upon the parties to this action addressed, as stated on the attached service list, by:

8

9   [X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this firm's practice for collection and processing of

10      correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

11

12      [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal

13            Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

14

15      [ ]   **CERTIFIED U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Certified Mail at Los Angeles, California, with postage paid.

16

17   [ ]   **PERSONAL SERVICE:**  I caused to be personally delivered each such envelope to the office of the addressee.

18   [ ]   **FEDERAL EXPRESS:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in

19      a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

20

21   [ ]   **FAX (BY AGREEMENT ONLY):**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

22

23   [X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the

24      foregoing is true and correct.

25

26   Date: July 12, 2002

    IRENE MEJIA

27

28

- 3 -

1

**SEC v. TEXON ENERGY CORPORATION, et al.**
**United States District Court - Central District of California**
**Western Division**
**Case No. CV 01-09706 LGB (MANx)**
**(LA-2500)**

2

3

4

5

SERVICE LIST

6

7

W. Allan McPhee, Esq.
18436 Hawthorne Boulevard
Suite 106
Torrance, CA 90504

8

9

10

James H. Donell, Receiver
Jalmar Properties, Inc.
12121 Wilshire Boulevard
Suite 200
Los Angeles, CA 90025

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -