


Priority —
Send —
Enter X
Closed X
JS-5/JS-6 —
JS-2/JS-3 X
Scan Only X

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TEXON ENERGY CORPORATION, a Nevada Corporation; LONESTAR PETROLEUM CORPORATION, a Nevada Corporation; JAMES E. HAMMONDS aka JAKE HAMMONDS aka JAKE DAVIS; and BARRY V. REED,<br><br>Defendants. | Civil Action No.<br>CV 01-09706 LGB (MANx)<br><br>[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT JAMES E. HAMMONDS |

Plaintiff Securities and Exchange Commission ("Commission") filed and served the Complaint in this action upon defendant James E. Hammonds aka Jake Hammonds aka Jake Davis ("Hammonds"). Hammonds failed to file an Answer or otherwise respond to the Complaint. On January 25, 2002, the Clerk of the Court entered the default of Hammonds and defendant Barry V. Reed ("Reed") pursuant to Fed. R. Civ. P. 55(a). Thereafter, the Commission moved for entry of a final judgment by default by this Court pursuant to Fed. R. Civ. P. 55(b)(2) with supporting papers showing service of the Summons and Complaint upon Hammonds and his subsequent failure to answer or otherwise respond to the

✓ Docketed
✓ Copies / NTC Sent SCAN
— JS - 5 / JS - 6
— JS - 2 / JS - 3
✓ CLSD



1 Complaint. Based upon the Commission's motion for entry of default judgment,
2 the supporting memoranda of points and authorities, and the evidence and
3 arguments presented with regard to the Commission's motion:

4 I.

5 IT IS HEREBY ORDERED that the Commission's motion for entry of
6 default judgment against Hammonds is GRANTED.

7 II.

8 IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that
9 Hammonds and his agents, servants, employees, attorneys, and all persons in active
10 concert or participation with any of them, who receive actual notice of this
11 Judgment, by personal service or otherwise, and each of them, are permanently
12 restrained and enjoined from, directly or indirectly:

13     A.    making use of any means or instruments of transportation or
14            communication in interstate commerce or of the mails to sell the
15            securities of any issuer, through the use or medium of any prospectus
16            or otherwise, unless and until a registration statement is in effect as to
17            such securities;

18     B.    carrying or causing to be carried through the mails or in interstate
19            commerce, by any means or instruments of transportation, for the
20            purpose of sale or for delivery after sale, the securities of any issuer,
21            unless and until a registration statement is in effect as to such
22            securities; and

23     C.    making use of any means or instruments of transportation or
24            communication in interstate commerce or of the mails to offer to sell
25            or offer to buy, through the use or medium of any prospectus or
26            otherwise, the securities of any issuer, unless and until a registration
27            statement has been filed with the Commission as to such securities, or
28            while a registration statement has been filed with the Commission as to

such securities, or while a registration statement as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h; in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c); provided, however, that nothing in this Judgment shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hammonds and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

\*

\*

\*

\*

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hammonds and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

- A. employing any device, scheme, or artifice to defraud;
- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder 17 C.F.R. § 240.10b-5.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hammonds shall pay jointly severely with defendants Reed, Texon Energy Corporation and Lonestar Petroleum Corporation disgorgement in the amount of $1,254,100 representing ill-gotten gains from the conduct alleged in the Complaint, plus prejudgment interest thereon accrued at the daily rate of $71.12 for the period from the date the Commission filed its Complaint on November 13, 2001 through June 30, 2002, or $16,287.15, calculated pursuant to 28 U.S.C. § 1961. Hammonds shall pay the disgorgement and prejudgment interest by cashier's check, certified check or postal money order made payable to the Securities and

Exchange Commission and transmitted to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia, 22312, under cover of a letter that identifies the defendant, the name and case number of this litigation, and the court. A copy of the cover letter and the check or money order shall be simultaneously transmitted to counsel for the Commission at its Los Angeles office, located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hammonds shall pay civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in the amount of $110,000. Hammonds shall pay the civil penalties by cashier's check, certified check or postal money order made payable to the United States Treasury, and transmitted to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia, 22312, under cover of a letter that identifies the defendant, the name and case number of this litigation, and the court. A copy of the cover letter and the check or money order shall be simultaneously transmitted to counsel for the Commission at its Los Angeles office, located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that during the pendency of this action against any defendant, Hammonds shall remain subject to the discovery provisions of the Federal Rules of Civil Procedure which apply to parties, and, in addition, that Hammonds agrees and undertakes, without service or a subpoena, to appear for his deposition or to testify as a witness at any trial of this action or at any related proceeding. Failure to comply with the foregoing will subject Hammonds to the remedies and sanctions set forth

1 | in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

2 | VIII.

3 | IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hammonds shall provide all documents in his possession, custody or control to the Commission and disclose under oath all information with respect to his activities and the activities of others about which the Commission or its staff may inquire or request. Such production of documents and disclosure of information by Hammonds shall be made upon reasonable notice in writing and without service of a subpoena and subject only to the good faith assertion of any privileges recognizable pursuant to the provisions of Rule 501 of the Federal Rules of Evidence or the United States Constitution and amendments thereto. Failure to comply with the foregoing will subject Hammonds to the remedies and sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to determine the liability of any remaining defendants in this action, to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

\*
\*
\*
\*
\*
\*
\*

\* \* \* \* \* \*

There being no just reason for delay, the Clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment.

DATED: 8/7, 2002

_____
HONORABLE LOURDES G. BAIRD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Jose F. Sanchez
David S. Brown
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998 Fax: (323) 965-3908

On July 12, 2002, I served the documents entitled **[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT JAMES E. HAMMONDS** upon the parties to this action addressed, as stated on the attached service list, by:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[X] **CERTIFIED U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Certified Mail at Los Angeles, California, with postage paid.

[ ] **PERSONAL SERVICE:** I caused to be personally delivered each such envelope to the office of the addressee.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **FAX (BY AGREEMENT ONLY):** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: July 12, 2002

IRENE MEJIA

**SEC v. TEXON ENERGY CORPORATION, et al.**
United States District Court - Central District of California
Western Division
Case No. CV 01-09706 LGB (MANx)
(LA-2500)

## SERVICE LIST

James E. Hammonds
716 Peachy Canyon Circle
No. 104
Las Vegas, NV 89144

Barry V. Reed
3060 S. Decatur
Unit I5
Las Vegas, NV 89102

- 2 -

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998 Fax: (323) 965-3908

On July 12, 2002, I served the documents entitled **[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT JAMES E. HAMMONDS** upon the parties to this action addressed, as stated on the attached service list, by:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **CERTIFIED U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Certified Mail at Los Angeles, California, with postage paid.

[ ] **PERSONAL SERVICE:** I caused to be personally delivered each such envelope to the office of the addressee.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **FAX (BY AGREEMENT ONLY):** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: July 12, 2002

IRENE MEJIA

- 3 -

<u>SEC v. TEXON ENERGY CORPORATION, et al.</u>
United States District Court - Central District of California
Western Division
Case No. CV 01-09706 LGB (MANx)
(LA-2500)

SERVICE LIST

W. Allan McPhee, Esq.
18436 Hawthorne Boulevard
Suite 106
Torrance, CA 90504


James H. Donell, Receiver
Jalmar Properties, Inc.
12121 Wilshire Boulevard
Suite 200
Los Angeles, CA 90025

- 4 -